UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO.: 1:19-CR-59-HAB |
| ) | |
| DESHAWN GIBSON ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

If you follow the herd, people may mistake you for a cow. Defendant, Deshawn Gibson ("Gibson), does not want the Court to be mistaken for a cow. He has moved to dismiss the Indictment against him by requesting the Court take a "progressive approach" to the issues he raises and ignore well-settled Seventh Circuit authority to do it. (ECF No. 28). This the Court cannot do and, for the reasons below, the Court follows the herd in denying Gibson's motion.

**DISCUSSION**

A grand jury charged Gibson with one count of violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a person convicted of a crime punishable by more than one year in prison to "possess in or affecting commerce" a firearm or ammunition. 18 U.S.C. § 922(g)(1). Defendant argues that, as applied to him, § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause Power because simple noncommercial possession of a firearm within a state does not implicate Article I, § 8, clause 3 of the United States Constitution. This is true, Defendant argues, even if the firearm crossed state lines at some time in the past before it came into the possession of the defendant. (ECF No. 28 at 7: "Gibson's putative possession of the weapon must have … a significant effect on interstate commerce" rather than "merely proving that at some time after the date the weapon in question was assembled and sold it traveled in interstate

commerce.") Stated otherwise, he argues § 922(g)(1) does not ensure, through case-by-case inquiry, that the firearm possession in question significantly affects interstate commerce, and thus the statute exceeds Congress's Commerce Clause power. (ECF No. 28 at 3-4, citing *United States v. Lopez*, 514 U.S. 549, 561 (1995) (holding 18 U.S.C. § 922(q) unconstitutional under the Commerce Clause)); *accord United States v. Morrison*, 529 U.S. 598, 617, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (rejecting "the argument that Congress may regulate, noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce").

The Defendant admits, however, this is not a novel theory and similarly concedes that his arguments have been squarely and repeatedly rejected in this circuit. (ECF No. 28 at 4). Indeed, the Seventh Circuit has considered § 922(g)(1) post-*Lopez* and consistently upheld the statute's constitutionality under the commerce clause. *See* Gov't's Resp., ECF No. 30, at 7 (citing *United States v. Lemons*, 302 F.3d 769, 772-72 (7th Cir. 2002); *United States v. Mitchell,* 299 F.3d 632, 633-35 (7th Cir. 2002); *United States v. Wesela*, 223 F.3d 656, 659-60 (7th Cir. 2000); *United States v. Williams*, 128 F.3d 1128, 1133-34 (7th Cir. 1997); *United States v. Bell,* 70 F.3d 495, 498 (7th Cir. 1995)(conviction under 18 U.S.C. § 922(g) requires the government "to prove exactly what *Lopez* found missing under § 922(q)).

The same result has followed in other circuits as well. *See, e.g.*, *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Henry*, 429 F.3d 603, 619–20 (6th Cir. 2005) (noting that the Sixth Circuit has "explicitly held post-*Lopez* that a § 922(g)(1) conviction comports with the Commerce Clause so long as the defendant possessed a gun that previously had moved in interstate commerce"); *United States v. Latu*, 479 F.3d 1153, 1156–57 (9th Cir. 2007) (finding post-*Lopez* and *Morrison* that the prohibitions in 18 U.S.C. § 922(g) are a valid exercise of Congress's authority under the Commerce Clause); *United States v. McCane*, 573 F.3d 1037, 1047

2

(10th Cir. 2009); *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement" which "is satisfied when the firearm in question has a 'minimal nexus' to interstate commerce.").

In short then, so long as the above precedent remains controlling in this circuit, this Court cannot chart another course. Accordingly, Defendant has not shown that 18 U.S.C. § 922(g)(1) is unconstitutional, as applied or on its face, on any of the grounds advanced by Defendant in his motion to dismiss.

## **CONCLUSION**

For the above reasons, the Defendant's Motion to Dismiss the Indictment is DENIED. (ECF No. 28). The Court will reset all trial deadlines by separate entry.

So ORDERED on December 14, 2021.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT